IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CURTIS A. EVANS and WHIPGOLF, LLC, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | C.A. No. 1:15-cv-000683 |
| : | |
| PLUSONE SPORTS, LLC, : | |
| and ALEX VAN ALEN, : | |
| : | |
| Defendants. : | |

**PLAINTIFFS' STATUS CONFERENCE STATEMENT**

Plaintiffs, Curtis A. Evans and WhipGolf, LLC, submit this Statement of outstanding issues to guide the Court in conducting the status conference on March 18, 2016 at 10:00 a.m.

**INTRODUCTION**

The parties had pending dueling motions for summary judgment concerning the enforceability of the Term Sheet and the personal guaranty by Alex Van Alen contained in the Term Sheet. The Court announced that it was of the opinion that Defendants were to be granted summary judgment. Without further explanation, the Court ordered the case removed in its entirety from the trial calendar. In light of that ruling, Plaintiffs did not file a reply on a pending motion *in limine* involving an expert.

Seven counterclaims, however, technically may remain pending. The Court scheduled a status conference. Set forth below are Plaintiffs' suggestions (with explanations) as to how each currently pending counterclaims should be resolved. Plaintiffs believe that there is no need for continuing proceedings and that the Order to remove the case in its entirety had that effect.

## STATUS OF COUNTERCLAIMS

**I.    Declaratory Judgment that Term Sheet Is Unenforceable (1st Counterclaim)**

This appears to be resolved by the Court's opinion that Defendants were entitled to summary judgment.

**II.   Declaratory Judgment that Van Alen Is not a Party to the Term Sheet (2nd Counterclaim)**

This appears to be resolved by the Court's ruling that Defendants were entitled to summary judgment.

**III.  Declaratory Judgment that PlusOne Did Not Breach (3rd Counterclaim)**

This appears to be resolved by the Court's ruling that Defendants were entitled to summary judgment.

**IV.   Breach of Contract that Evans Did Not Work in Good Faith to Record Terms of Term Sheet (4th Counterclaim)**

This claim is not viable if the Court found that the Term Sheet did not bind either party to anything. Even if the Term Sheet did bind Evans to bargain in good faith, it is he who was seeking to enforce the terms of the Term Sheet – verbatim. There does not appear to be a serious argument that such actions could constitute bad faith. However, even if Evans acted in bad faith, Defendants produced no proof of damages. Without proof of damages, the claim cannot survive as a matter of law. *Liobmedia v. Dataflow/Alaska, Inc.*, 349 Fed. Appx. 843, 844 (4th Cir. 2009); *Projects Management Co. v. Dyncorp Int'l, LLC*, 2014 WL 1248075 at *6 (E.D. Va. Mar. 26, 2014); *Shenandoah Milling Co. v. Phosphate Products Corp.*, 161 Va. 642, 650, 171 S.E. 681 (Va. 1933).

V.     **Slander of Title (5th Counterclaim)**

This claim concerns statements that WhipGolf, LLC allegedly made to the USPTO in filing "intent to use" trademark applications. The elements of the tort of slander of title are:

(1)     a false statement;

(2)     published by the defendant;

(3)     without justification or privilege;

(4)     made with malice; and

(5)     causing special damages to the plaintiff.

*Macia v. Microsoft Corp.*, 152 F. Supp. 2d 535, 541 (D. Vt. 2001); *see also Poindexter v. Mercedes-Benz Credit Corp.*, 2014 WL 3827366 at *2 (E.D. Va. July 25, 2014) (Hilton, J.); *Hayes–Broman v. J.P. Morgan Chase Bank, N.A.,* 724 F. Supp. 2d 1003, 1016 (D. Minn. 2010); *Weaver v. Stafford,* 134 Idaho 691, 8 P.3d 1234, 1244 (2000); *Raymond v. Lyden,* 728 A.2d 124, 126 n. 6 (Me. 1999); *Montecalvo v. Mandarelli,* 682 A.2d 918, 923 (R.I. 1996). Special damages are "proof of a special loss or unusual hardship resulting from malicious prosecution." *Ayyildiz v. Kidd,* 220 Va. 1080, 1083, 266 S.E.2d 108 (Va. 1980).

Defendants have no proof of any damages (they did not produce such proof during discovery, nor did they include such proof on their exhibit list), much less special damages. Accordingly, their slander of title claim must be dismissed as a matter of law. *Koz v. Wells Fargo Mortgage Co.*, 83 Va. Cir. 96, 2011 WL 8956203 at *5 (June 9, 2011); *Levine v. McLeskey*, 881 F. Supp. 1030, 1050 (E.D. Va. 1995), *aff'd in relevant part*, 164 F.3d 210 (4th Cir. 1998). Attorneys' fees do not qualify as special damages. *Koz*, 2011 WL 8956203 at *3 (it

is a "time-honored tradition and well-established rule" in Virginia that attorneys' fees are not regarded as special damages).[1]

## VI. Declaratory Judgment that PlusOne Did Not Intentionally Abandon its Marks (6th Counterclaim)

There is no dispute that PlusOne abandoned its two intent-to-use trademark applications to the "Fling" marks (all the while continuing to unlawfully use the ® mark on its products). PlusOne did not file <u>any</u> statement of use or a timely petition to revive the abandoned marks.

> Section 1(d) of the Trademark Act, 15 U.S.C. §1051(d), requires that a statement of use be filed within six months after the issuance of the notice of allowance, or before the expiration of a previously granted extension of time to file a statement of use. 37 C.F.R. §2.88(a)(1). If the mark is not in use in commerce before the expiration of the six-month period following the issuance of the notice of allowance, the applicant must file a request for an extension of time to file a statement of use within the six-month period to avoid abandonment of the application. See 15 U.S.C. §1051(d)(4); 37 C.F.R. §2.89.

TMEP § 1100, 1714, 37 C.F.R. § 2.66(a)(1).

PlusOne's time to file a statement of use expired and it failed to request an extension or file a timely petition to revive. Intent is irrelevant. PlusOne's applications were abandoned. Revival of the applications is an issue that should be addressed with the USPTO. It is not clear that the Court even has the power to grant the relief requested. Defendants cite to no statutory basis for this cause of action. It does not exist under the Lanham Act. This is purely a regulatory issue.

## VII. Violation of Mass. Gen. L. Ch. 93A (Unfair Competition) (7th Counterclaim)

This statute requires that the alleged bad acts have occurred "primarily and substantially" in Massachusetts. It is undisputed that Mr. Evans never went to Massachusetts. It is also undisputed that Van Alen travelled to Virginia to negotiate with Evans. The claim primarily concerns actions that Evans allegedly took at the USPTO. Whatever actions Evans took at the

---

[1] Plaintiffs dispute other required elements as well, but the lack of damages is dispositive. For example, PlusOne can have no trademark rights if, as happened here, it claims to have acquired such rights through sales using the ® symbol unlawfully. Lawful use is required.

USPTO, he did them in Virginia and those acts were directed at a federal agency located in Virginia.

Evans moved for summary judgment on this issue (*See*, ECF Dkt. 48, 94-1, 127), but the Court denied the motion based on an unspecified disputed issue of fact (*See*, ECF Dkt. 77). The motion presented the question of whether there existed any acts by Evans in Massachusetts at all, much less to satisfy the "primarily and substantially" factor. Mr. Evans respectfully suggests that there was no act sufficient as a matter of law to meet the "primarily and substantially in Massachusetts" factor and that the Court should re-visit this issue in light of the now more fully developed factual record. There is no need for a trial on this amorphous claim because the geographic predicate for it cannot be established as a matter of law.

## CONCLUSION

Plaintiffs believe that the Court intended its Order removing the trial from its calendar to apply to all claims and counterclaims in this case. Plaintiffs request that the Court make that intent clear in the final order it issues concerning the pending summary judgment motions.

Date: March 17, 2016

Respectfully submitted,

CURTIS A. EVANS AND
WHIPGOLF, LLC

By Counsel

LeCLAIRRYAN, P.C.

  /s/  Andrew J. Narod
Laurin H. Mills (VSB No. 79848)
Andrew J. Narod (VSB No. 79691)
2318 Mill Road, Suite 1100
Alexandria, VA  22314

5

>
> Tel: (703) 647-5903
> Fax: (703) 647-5953
> Laurin.mills@leclairryan.com
> Andrew.narod@leclairryan.com
>
> *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to counsel of record who are registered with CM/ECF.

>
> /s/ Andrew J. Narod
> Counsel