IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CURTIS A. EVANS AND WHIPGOLF, LLC <br><br> Plaintiffs, <br><br> v. <br><br> PLUSONE SPORTS, LCC AND ALEX VAN ALEN <br><br> Defendants. | Civil Action No. 1:15-cv-683 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Cross Motions for Summary Judgment by the Plaintiffs and the Defendants.

Plaintiffs and Defendants are in the business of producing and selling sports gear for the game known as "FlingGolf" or "ThrowGolf." The game is played on traditional golf courses, and many of the basics of golf still apply, but players play each hole with a single "stick" designed to both throw and putt a golf ball instead of using up to thirteen traditional golf clubs. This case arises out of an alleged breach of contract of a "Term Sheet" signed by the parties regarding the throwing apparatus used in the sport, also known as the "FlingStick."

In July, 2014, when the Defendants became aware of the Plaintiffs' Utility Application with the U.S. Patent and Trademark Office ("USPTO"), the Defendants reached out to Plaintiffs to discuss a potential license agreement. Negotiations commenced shortly thereafter, and on November 2, 2014, the parties signed a Term Sheet. Further negotiations took place over the next several months, but did not result in a final license agreement. On May 29, 2015, Plaintiffs filed a two-count Complaint alleging 1) breach of contract via the Term Sheet; and 2) breach of the Term Sheet Guaranty by Mr. Van Alen in his individual capacity.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings and evidence before the Court show no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is not a "disfavored procedural shortcut, but rather [an] integral part of the Federal Rules ... which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Id. While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial. Anderson v. Liberty Lobby,

2

Inc., 477 U.S. 242, 248 (1986). "[I]t is ultimately the nonmovant's burden to persuade us that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." Design Res., Inc. v. Leather Indus. Of Am., 789 F.3d 495, 500 (4th Cir. 2015) (citations and quotations omitted).

The parties do not dispute the material facts in this case. The issues disputed are 1) which state's law applies; 2) whether the Term Sheet is an enforceable contract; and 3) whether Mr. Van Alen signed the Term Sheet in his individual or representative capacity.

As this action arises under the Court's diversity jurisdiction, "the Court must apply the choice of law rules of the state where the Court sits." Thomaz v. It's My Party, Inc., 2013 WL 1450803, at *5 (E.D. Va. 2013), aff'd, 548 F. App'x 893 (4th Cir. 2013). Under generally applicable Virginia choice of law rules, the nature, validity, and interpretation of a contract may be governed by "the law of the place where made." Id. at *5. Arguably, this would be Massachusetts where the Defendants signed the Term Sheet after it had been signed by the Plaintiffs. However, "Virginia adheres to the principle that the law of the place of performance governs questions arising in connection with the performance of a contract." Equitable Trust

3

Co. v. Bratwursthaus Mgmt. Corp., 514 F.2d 565, 567 (4th Cir. 1975). The Plaintiffs argue that Massachusetts law applies here because the Defendants, who are based in Massachusetts, were to go ahead with the development, manufacture, and sale of a licensed product. However, the Term Sheet contemplates a later negotiation of a license agreement, where the payment of the license fees would be made to Plaintiffs, who are in Virginia. The delivery of sample products, certain business information, and the prior art identification would take place in Virginia. The performance of the alleged Term Sheet is predominately in Virginia, and as such, Virginia law applies.

Where the "the parties do intend a formal contract to be drawn up is strong evidence to show that they did not intend the previous negotiations to amount to an agreement which is binding." Cyberlock Consulting, Inc. v. Info. Experts, Inc., 939 F. Supp. 2d 572, 580 (E.D. Va. 2013), aff'd 549 Fed. App'x 211 (4th Cir. 2014); see also Va. Power Energy Mktg., Inc. v. EQT Energy, LLC, 2012 WL 2905110, at *4 (E.D. 2012) (holding "a letter of intent or any other writing in which the terms of a future transaction or later, more formal agreement[,] are set out is presumed to be an agreement to agree rather than a binding contract"). Further, the Fourth Circuit has held that "...bare-boned 'agreements to agree' are not binding..." Burbach

4

Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 407 (4th Cir. 2002).

This Court finds that the Term Sheet is an "agreement to agree" and not a binding contract. The last sentence of the Term Sheet provided that "[t]he undersigned parties agree to work in good faith to record the terms of the Term Sheet in a binding Non-Exclusive License Agreement." The informality, imprecision, and provisional nature of the Term Sheet's language further evidence the fact that the Term Sheet does not incorporate all the material terms of a binding agreement. In finding that Virginia law applies to this analysis, it is important to note that the Term Sheet itself contains a provision stating Delaware law applies. However, because this Court finds that the Term Sheet is an "agreement to agree" rather than a binding contract, the provision is without merit.

Because the Term Sheet is not an enforceable contract, there can be no breach of the alleged personal guaranty by Mr. Van Alen alleged in Count II. Even if the Term Sheet was found to be enforceable, Mr. Van Alen still could not be held personally liable because the Term Sheet was executed by "Curtis A. Evans," and by "Alex Van Alen, for PlusOne Sports/FlingGolf." It is hornbook law that where a person signs a contract as a representative of a corporation and not in his or her personal capacity, that individual is not a party to the contract. See

5

Restatement (Third) of Agency § 6.01 (2006) ("when an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract; and (2) the agent is not a party to the contract unless the agent and third party agree otherwise"). The provision the Plaintiffs rely on states "[d]elinquent payments ... to be personally guaranteed by Alex Van Alen, or other substitute guarantee or collateralization acceptable to PlusOne and Licensor." The plain language clearly contemplates further negotiations about a future guarantee possibly by Mr. Van Alen or another individual or entity – all of which would need to be mutually agreed upon by both parties. This further bolsters the argument that the Term Sheet is an "agreement to agree," and not a binding contract.

    Defendants filed seven counterclaims in this action: 1) declaratory judgment of enforceability of the term sheet; 2) declaratory judgment that Van Alen is not a party to, and therefore has not breached, the term sheet; 3) declaratory judgment that Defendant did not breach the term sheet; 4) breach of contract; 5) slander of title; 6) declaratory judgment that Defendant did not intentionally abandon its FlingGolf and FlingStick marks; and 7) unfair competition in violation of M. G. L. A. Chapter 93A §§ 2 & 11.

Counterclaims 1-4 are moot in light of the Court's ruling that the Term Sheet is not an enforceable contract, and should be dismissed.

Counterclaim 5 concerns statements that Plaintiffs made to the USPTO in filing "intent to use" trademark applications. The contention is that Plaintiffs misled the USPTO by claiming that no other person or entity had the right to use the FLING marks in commerce and that Plaintiffs had a bona fide intent to use each mark.

The elements of the tort of slander of title are: 1) a false statement; 2) published by the defendant; 3) without justification or privilege; 4) made with malice; and 5) causing special damages to the plaintiff. See Poindexter v. Mercedes-Benz Credit Corp., 2014 WL 3827366 at *2 (E.D. Va. July 25, 2014). Special damages are "proof of a special loss or unusual hardship resulting from malicious prosecution." Ayyildiz v. Kidd, 220 Va. 1080, 1084 (Va. 1980).

The record demonstrates that Plaintiffs had, at the time each declaration was filed, an intent to use the marks in commerce. Plaintiffs' statement was not a false statement as a matter of law. Further, there is no evidence of malice or special damages, especially considering that Plaintiffs sought the advice of two attorneys before filing, neither of which advised against the filing of the applications. Without proof

7

of any false statement or malice, both essential elements of a slander of title claim, Plaintiffs are entitled to summary judgment on Counterclaim 5.

Counterclaim 6 seek a declaratory judgment that Defendant did not "intentionally abandon" the FLING marks. Plaintiffs are entitled to summary judgment on counterclaim 6 because Defendants' subjective intent in abandoning its intent-to-use trademark applications is not relevant. Under the Lanham Act and USPTO rules, failure to make certain showings, or to request extensions absent the making of a showing of actual use in commerce, results in automatic abandonment regardless of intent.

Section 1(d) of the Trademark Act, 15 U.S.C. § 1051(d), requires that a statement of use be filed within six months after the issuance of the notice of allowance, or before the expiration of a previously granted extension of time to file a statement. 37 C.F.R. § 2.88(a)(1). If the mark is not in use in commerce before the expiration of the six-month period following the issuance of the notice of allowance, the applicant must file a request for an extension of time to file a statement of use within the six-month period to avoid abandonment of the application. See 15 U.S.C. § 1051(d)(4); 37 C.F.R. 2.89; 37 C.F.R. § 2.66(a)(1).

Counterclaim 7 seeks an unfair competition claim under Massachusetts General Law Chapter 93A §§ 2 & 11. The basis for this claim is that the statute requires the allegedly unfair

8

conduct occurred "primarily and substantially" in Massachusetts. Following in line with the earlier analysis pertaining to the choice of law provisions, Massachusetts law does not apply. The Plaintiffs are located in Virginia and the only contacts Plaintiffs had with Massachusetts were via e-mail and telephone. Even if Massachusetts law applied, there is simply not enough to prove a violation of the statute. Thus, Plaintiffs are entitled to summary judgment on counterclaim 7.

For the foregoing reasons, Defendants' Motion for Summary Judgment should be granted and Plaintiffs' Motion for Summary Judgment on Counterclaims 5, 6, and 7 should be granted.

An appropriate order shall issue.

/s/ Claude M. Hilton

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 16, 2016